UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RICKY RAY QUEEN

                    Plaintiff

 vs.                            CASE NO.  1:04-CV-00342

INTERNATIONAL PAPER COMPANY

                    Defendant

G. THOMAS EISELE, SENIOR DISTRICT JUDGE, sitting by designation

**ORDER GRANTING PARTIAL SUMMARY JUDGMENT**

Before the Court is Plaintiff Ricky Ray Queen's Motion for Partial Summary Judgment which seeks to impose liability for his personal injuries (sustained as a result of falling debris) upon Defendant International Paper Company ("IP") pursuant to New York Labor Law Section 240(1).  Following a review of the parties' submissions,  the Court concludes that Plaintiff is entitled to partial summary judgment as requested.   Accordingly, IP will be held liable for the damage Plaintiff sustained when he was struck on the arm by a falling piece of wood at IP's work site in an amount to be determined at trial.

**UNDISPUTED FACTS**

The following facts are taken from Plaintiff's Statement of Material Facts, which the

Defendant has not controverted. The Defendant failed to file a response to Plaintiff's Statement in the form required by Local Rule 7.1(a)(3). Despite failing to do so and after acknowledging that it does not otherwise dispute the Plaintiff's Statement of Material Facts, IP attempts in its response brief to create a dispute of fact as to whether Plaintiff was actually struck by a 2x4 piece of lumber, as claimed. For cause, Defendant points out that noone, other than the Plaintiff, saw the 2x4 strike Plaintiff, although at least two witnesses saw the "alleged 2x4 after the incident." Additionally, IP points out that there is a factual discrepancy regarding the length of the 2x4 in question, with various witnesses describing it as 18 inches, 2 feet, or 3 feet and Plaintiff describing it as 4 to 5 feet in length. The length of the 2x4, while disputed, is immaterial for liability purposes on this factual record. It is irrelevant whether the board was 18 inches or 5 feet long, or somewhere in between for purposes of liability.[1]

While the issue of whether Plaintiff was actually struck by a falling 2x4 is a material issue, IP has failed to come forward with evidence sufficient to create a dispute as to that fact. IP attempts to do so by pointing to an "absence of conclusive facts" and notes that Todd Meek, the safety coordinator for SW&B, "seriously doubts" the alleged incident took place at all. This is insufficient to allow a jury to find that Plaintiff was not in fact hit by a 2x4. In light of the evidence presented by Plaintiff and the lack of same presented by Defendant, it would be mere speculation for a jury to so conclude.

IP's effort to suggest that perhaps Plaintiff was not in fact hit by a 2x4 as alleged fails both procedurally (due to IP's lack of compliance with Local Rule 7.1) and substantively (based

---

[1] The Court recognizes that Defendant may attempt at trial to undermine Plaintiff's credibility regarding the damage he sustained by pointing out the discrepancies in length.

on lack of evidence presented).  Accordingly, all the facts set forth in Plaintiff's Statement are deemed admitted.  Said facts are described below.

On January 12, 2002, Plaintiff Ricky Ray Queen was injured while performing construction work on property owned by IP and used as a mill for the production of paper.  At the time of the injury, Plaintiff Queen was employed as a pipefitter by SW&B.  SW&B had a contract with IP to rebuild a large paper machine.  The work to be performed was on two floors, the upper or operating floor on which the machine was having a section known as a calendar replaced and the lower floor or basement on which pipes, conduits and electrical systems were being run.

Plaintiff was working on the basement level running pipes.  Plaintiff was injured when a 2x4 piece of wood fell through an opening in the floor above and struck him in the right arm.

Prior to the injury, Plaintiff, while attempting to install a pipe to be located approximately six feet below the second floor, had climbed a scaffold to a height of twelve to thirteen feet above the basement floor.  The scaffold was four feet high, and the Plaintiff's head was about ten feet below the ceiling.  Plaintiff had stepped off the scaffold and onto a pipe slightly higher than the top of the scaffold to inspect the area where the new pipe was to be run. Plaintiff had secured himself on the pipe with a lanyard, his feet were on the pipe and his right arm was locked around the pipe, when the 2x4 struck him.

Prior to the incident Plaintiff had been on the second floor and had seen loose form boards which were knocked loose in order to make new forms for concrete to be poured for the new machine section, as well as wood for the new forms.  He also saw concrete laying around on the floor.

Plaintiff's employer, SW&B conducted an investigation of the incident. The "First Aid Investigation" is attached as Exhibit 5 to Plaintiff's motion. It indicates that Plaintiff suffered a contusion to his right elbow "from falling piece of 2x4 (18 in. long)." The report further reads:

> Unsafe Act or Condition: OPEN (20 in. by 20 in.) HOLE ABOVE WORKERS WAS NOT COVERED DURING DEMO OPERATIONS THE BOARD FELL THROUGH HOLE AND STRUCK EMPLOYEE
>
> . . .
>
> Corrective Action: NOTIFIED SUPERVISOR TO COVER ALL HOLES ON OPERATING FLOOR AND NOTIFY ANYONE WORKING BELOW OF ANY POTENTIAL FALLING OBJECT HAZARD.

The report is signed by Todd Meek, the safety coordinator for SW&B.

James O'Bryan, IP's supervisor of human resources, health and safety, testified that there would have been 2x4's in the vicinity of the calendar where Plaintiff was working and that if Plaintiff were hit by a 2x4 then the only possible source of it was the hole above him for the pipe conduit.

## SUMMARY JUDGMENT STANDARD

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *See Giano v. Senkowski*, 54 F.3d 1050, 1052 (2nd Cir. 1995)(*citing Celotex v. Catrett*, 477 U.S. 317, 322 (1986)). The ultimate inquiry is whether a reasonable jury could find for the nonmoving party based on the evidence presented, the

legitimate inferences that could be drawn from that evidence in favor of the nonmoving party, and the applicable burden of proof.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986).  In determining a motion for summary judgment, all inferences to be drawn from the facts contained in the exhibits and depositions "must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962); *Hawkins v. Steingut,* 829 F.2d 317, 319 (2d Cir.1987).  Nevertheless, "the litigant opposing summary judgment 'may not rest upon mere conclusory allegations or denials' as a vehicle for obtaining a trial." *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir.1980) (quoting *SEC v. Research Automation Corp.,* 585 F.2d 31, 33 (2d Cir.1978)).

## DISCUSSION

Plaintiff claims he is entitled to judgment as a matter of law with regard to Defendant's liability pursuant to New York Labor Law Section 240(1)("§ 240(1)").  The provision provides in pertinent part:

> All contractors and owners and their agents, . . . who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

The courts have construed § 240(1) to impose absolute liability upon owners or contractors who fail to provide required safety devices for gravity related hazards.

Section 240(1) "applies to both 'falling worker' and 'falling object' cases." *Narducci v. Manhasset Bay Associates*, 96 N.Y.2d 259, 267 (2001).  As to falling object cases, the statute

"applies where the falling of an object is related to "a significant risk inherent in . . the relative elevation . . . at which materials or loads must be positioned or secured." *Id*., at 267-69 (internal quotes and citations omitted).  "Absolute liability for falling objects under Labor Law § 240(1) arises only when there is a failure to use necessary and adequate hoisting or securing devices." *Id*., at 268.

Defendant IP raises two arguments in opposition to Plaintiff's request for summary judgment.  First, IP contends that there are insufficient facts to conclude, as a matter of law, that Plaintiff was "repairing" or "altering" a "structure as defined by § 240(1).  Second, Defendant asserts that there are insufficient facts to conclude, as a matter of law, that the 2x4 ("falling object") was in the process of being "improperly hoisted or inadequately secured" as required by § 240(1).  The Court will address both arguments separately.

### (1) Plaintiff was "altering" a structure within the meaning of § 240(1).

The Court rejects IP's contention that the record evidence is insufficient to conclude that Plaintiff was "altering" a structure within the meaning of § 240(1).[2]  The case law draws a distinction between routine maintenance and an alteration sufficient to trigger the statute's applicability.  Routine maintenance "performed in a nonconstruction, nonrenovation context ha[s] been held not to fall within the ambit of the statute." *Goad v. Southern Elec. Intern. Inc.*, 263 A.D.2d 654, 655 (3d Dept. 1999)(citations omitted).  On the other hand, an "alteration" which "requires making a *significant* physical change to the configuration or composition of the

---

[2] IP also contends that the work in question may not be considered a "repair" so as to trigger coverage of § 240(1).  It appears that Plaintiff has abandoned that argument and is proceeding solely on an alteration theory.  Accordingly, the Court need not address the "repair" argument.

building or structure" triggers application of the statute. *Id*. (emphasis in original)(citation omitted).

The evidence demonstrates that the work in question was a significant physical change as opposed to routine maintenance. The project on which Plaintiff was working involved the rebuild of a very large paper machine including the installation of a new part called a calendar. The machine, originally built in 1959, ran the length of a football field. Of course, the size of the equipment alone does not mean that the work performed could not be considered routine maintenance.

More significantly, in order to install the new and rebuilt parts, the building had to be altered, both on the floor of the machine and on the floor below. Holes had to be made in the concrete floor in order to run new pipes, conduits and electrical systems. The work required the plant to be shut down for a two-week period.

The Court finds and concludes that the work in which Plaintiff was engaged constituted a significant physical change to the configuration or composition of IP's building and therefore was an alteration within the meaning of § 240(1). *See Joblon v. Solow*, 91 NY2d 457 (1998). The Court has considered and rejects IP's argument to the contrary.

### 2. The object that fell and struck Plaintiff was inadequately secured.

IP argues that there are factual discrepancies concerning the distance the 2x4 fell before striking Plaintiff, with one witness testifying it fell 2 to 4 feet, another 3 feet, and Plaintiff's own testimony being silent on the issue. Like the length of the 2x4, this is an immaterial factual

dispute.[3]  It is undisputed that the 2x4 fell from the floor above where Plaintiff was working through an open hole left uncovered during demolition operations.  As acknowledged by Plaintiff's employer, the hole should have been covered or the area around the hole barricaded to prevent this elevation related hazard.   Plaintiff has adequately demonstrated that the 2x4 which fell on Plaintiff from above should have been secured with a safety device.  Plaintiff has satisfied his burden to come forward with evidence sufficient to permit only one reasonable conclusion on this factual record: the 2x4 was inadequately secured causing the instant elevation related hazard to which the statute applies..

## CONCLUSION

For the reasons herein stated,

IT IS HEREBY ORDERED THAT Plaintiff's Motion for Partial Summary Judgment (Docket No. 33) be, and it is hereby, GRANTED.  As a matter of law, Defendant International Paper Company is liable for the damages sustained by Plaintiff on January 12, 2002, as a result of being struck in the right arm by a falling 2x4.  In anticipation of the upcoming trial, Plaintiff is directed to advise the Court in its pre-trial submissions whether he intends to abandon his alternative liability theories and proceed to trial solely on damages.

IT IS SO ORDERED this  5th  day of September, 2007.

                                            /s/Garnett Thomas Eisele
                                            UNITED STATES DISTRICT JUDGE

---

[3] *See Ortlieb v. Town of Malone*, 307 A.D.2d 679 (3rd Dept. 2003)(Section 240(1) held applicable when end of pipe fell three feet prior to striking plaintiff).